UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN HAMLETT, | |
| Plaintiff, | |
| -against- | 23-CV-5598 (LTS) |
| CORRECTION OFFICER JACOB; KEITH W. GUERRANT IGRC, | ORDER TO SHOW CAUSE |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Charlotte Correctional Institution, in Punta

Gorda, Florida, brings this action, *pro se*, under 42 U.S.C. § 1983. He asserts a claim arising

from an alleged use of force on April 23, 2003, when he was detained on Rikers Island. Plaintiff

alleges that he did not file a lawsuit after the alleged incident because he received advice from

John Boston, an attorney who previously worked at the Prisoners' Rights Project, at the Legal

Aid Society ("LAS"), not to file a lawsuit on his own.[1] Plaintiff also has filed an action

concerning his security classification during his detention on Rikers Island from March 1998 to

June 2003, *Hamlett v. City of New York*, ECF 1:23-CV-5809, 1 ("*Hamlett II*"), where he also

asserts that Boston advised him not pursue those claims on his own.

By order dated September 26, 2023, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP").[2] As discussed below, the Court directs Plaintiff to show cause why this

action should not be dismissed as time barred.

---

[1] Plaintiff has sued the LAS, Boston, and Jonathan Chasen, another attorney, in a separate action filed in this court. *See Hamlett v. Legal Aid Soc'y*, ECF 1:23-CV-6737, 1.

[2] Plaintiff filed a "notice of hearing to grant motion for in forma pauperis" on October 2, 2023. (ECF 11). Because the Court granted Plaintiff's IFP application, such a hearing is unnecessary.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff's claims concern a use of force incident that allegedly occurred on April 23, 2003, at the Otis Bantum Correctional Center ("OBCC") on Rikers Island. His claims in *Hamlett II* concern his security classification at OBCC. The Court discusses the facts alleged in *Hamlett II* first because the complaint in that action discusses in more detail Plaintiff's decision not to file lawsuits following the alleged violations.

A.   *Hamlett II*

Plaintiff asserts that correctional staff erroneously designated him "Red I.D.," which resulted in his being placed in enhanced restraints that caused him to suffer injuries and miss court dates. In March 1998, Defendant Captain Johnson

> had plaintiff taken out [of] his cell to take pictures of the plaintiff and to give the plaintiff a Red Identification card. Captain Johnson summarily explained to the plaintiff that the plaintiff has become one of the first (there was a few others) inmates to become Red I.D. and that the City of New York Department of Corrections [DOC] along with the City's administration and security at OBCC-CPSU[.]

ECF 1:23-CV-5809, 1 at 5. The DOC allegedly restricted Plaintiff's movement, according to his Red I.D. status, from April 1998 to June 2003.

In February 2005, Plaintiff met with two attorneys who were "willing to file claims against the defendants . . . for the cruel and unusual punishment that the plaintiff suffered by the policy, system and custom of the Red I.D. procedures and the use of force claims." *Id.* at 32. Another attorney, John Boston, informed Plaintiff

> that he had filed multiple class action lawsuits, one in particular was pertaining to the City of New York's illegal practice of the Red I.D. procedures against inmates at Rikers Island OBCC-CPSU and that the plaintiff's name was given to him by defendants Keith W. Guerrant to be added to the Red I.D. class action lawsuit as a class member.

*Id.* Plaintiff informed Boston that he had spoken to other attorneys about filing a lawsuit, but "Mr. Boston advised the plaintiff that the plaintiff was already a class member in the Red I.D. class action suit and the case was already settled out and that the plaintiff would be receiving . . . $20,000 for the illegal use of the Red I.D. status by the defendants." *Id.* at 33. Boston also allegedly informed Plaintiff "that if the plaintiff files a claim pertaining to the illegal use of the Red I.D. status in federal or state court then the plaintiff would not receive any of the settlement funds." *Id.* Plaintiff agreed not to file a lawsuit and instead recoup the $20,000.

Plaintiff also discussed with Boston his use of force claim and ultimately agreed not to file a lawsuit regarding the use of force at OBCC. Boston allegedly advised Plaintiff not to file the use of force lawsuit because Plaintiff could be a member of another lawsuit challenging the use of excessive force on Rikers Island, *Ingles v. City of New York*, No. 01-CV-8279 (S.D.N.Y. Apr. 4, 2006).[3] Plaintiff agreed, but he explained to Boston that he would soon be extradited to Florida, and would need to communicate in the future by mail. Boston collected Plaintiff's information and informed him "that he would have both settlement checks mailed to the plaintiff at Pinellas County Jail in Florida." ECF 1:23-CV-5809, 1 at 34. On June 24, 2005, Plaintiff was extradited to Florida. Plaintiff did not receive the settlement checks or hear from Boston.

This year, Plaintiff learned of the *Ingles* lawsuit from a mutual friend. Prior to this year, however, he could not contact Boston because he "did not have the proper spelling of John Boston['s] name and phonetically thought that his name was spelled John Bolston and therefore could not track down the case # or class representatives of any of the class action lawsuits that were filed by John Boston." *Id.*

**B.**   ***Hamlett v. Jacob*, No. 23-CV-5598**

Plaintiff alleges that on April 23, 2003, Defendant Officer Jacob assaulted Plaintiff in an OBCC staircase, during an escort at that facility. Specifically, Plaintiff alleges, Jacob threw Plaintiff down a flight of stairs, and Plaintiff lost consciousness after his head slammed into the concrete floor. Plaintiff seeks money damages.

---

[3] Plaintiff recently filed submissions in that closed action. *Ingles*, No. 01-CV-8279 (Doc. Nos. 191-93). Plaintiff does not identify the Red I.D. class action lawsuit or indicate whether it was filed in this District.

## DISCUSSION

Plaintiff's Section 1983 claims are time barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S.at 249-50. In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Based on the allegations set forth in the complaint, the use of force claim accrued on April 23, 2003, and the time to file this action therefore expired on or about April 23, 2006. Plaintiff placed the complaint in his prison's mailing system on June 25, 2023, more than 17 years after the time to file expired.

This action can only proceed if Plaintiff can show that the doctrine of equitable tolling applies. The doctrine permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). Plaintiff does not allege facts suggesting that the statute of limitations should be equitably tolled in this case. He argues that from 2005, when Boston allegedly informed him that he would mail Plaintiff settlement checks, until 2023, when Plaintiff learned of the *Ingles* lawsuit, he was unable to identify Boston or the case names of the two lawsuits asserting the Red I.D. and use of force claims. Plaintiff's inability to locate Boston, or follow up on the lawsuits, however, did not prevent Plaintiff from filing his *own* lawsuits.

Moreover, Plaintiff's documentation, which he attaches to the complaint, indicates only that he attempted to locate information regarding the two lawsuits starting in 2022. For example, Plaintiff attaches a December 8, 2022 letter from Prisoners' Legal Services of New York ("PLS") – where Plaintiff believed Boston worked – responding to Plaintiff's November 14, 2022 letter

and informing Plaintiff that PLS did not file any lawsuit involving Rikers Island. Thus, based on Plaintiff's own submission, it appears that Plaintiff attempted to move forward with these two lawsuits in 2022, not in 2005, when he did not receive a settlement check.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). But district courts should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

The Court therefore directs Plaintiff to file a declaration within 30 days of the date of this order, stating why the complaint should not be dismissed as time barred. Plaintiff should include any facts showing that the Court should apply the doctrine of equitable tolling.

## CONCLUSION

The Court directs Plaintiff to show cause, within 30 days of the date of this order, why this action should not be dismissed as time barred. A declaration form is attached to this order. Plaintiff should include docket number 23-CV-5598 on his submission.

No summons shall issue in this action at this time.

Plaintiff's motions seeking "to have Defendants served with complaint" are denied. (ECF 4-5.) Plaintiff's motion to expedite the proceedings (ECF 6) also is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 16, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                  _____
                                        LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.


_____                    _____
Executed on (date)                          Signature


_____     _____
Name                                         Prison Identification # (if incarcerated)


_____     _____
Address              City          State      Zip Code


_____     _____
Telephone Number (if available)              E-mail Address (if available)