UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN HAMLETT, | |
| Plaintiff, | |
| -against- | 23-CV-5598 (LTS) |
| CORRECTION OFFICER JACOB; KEITH W. GUERRANT IGRC, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Charlotte Correctional Institution, in Punta Gorda, Florida, brings this action, *pro se*, under 42 U.S.C. § 1983. He asserts a claim arising from the alleged use of force on April 23, 2003, when he was detained on Rikers Island. He claims that this use of force claim was settled in the now-closed class action, *Ingles v. City of New York*, No. 01-CV-8279 (S.D.N.Y. Apr. 4, 2006). He also claims that he had expected to receive a settlement check in 2005, but he never received any money or information about the *Ingles* settlement.

In another action pending before the Court, *Hamlett v. City of New York*, ECF 1:23-CV-5809, 1 ("*Hamlett II*"), Plaintiff asserts claims concerning his security classification during his detention on Rikers Island, from March 1998 to June 2003. He similarly argues that he expected a settlement check from a class action lawsuit challenging security classifications at Rikers' facilities – possibly, *Benjamin v. Horn*, No. 75-CV-3037 (LAP) – but that he never received a settlement check from that action either.[1]

---

[1] Plaintiff also states that the class action lawsuit regarding security classifications on Rikers Island was filed in the Eastern District of New York, but he does not identify that case either. It is unclear whether he was a class member of either class action. *Benjamin v. Horn* is pending in this court before the Honorable Loretta A. Preska.

On October 16, 2023, the Court directed Plaintiff to show cause, by filing a declaration within 30 days, why the action should not be dismissed as time barred because the doctrine of equitable tolling should toll the limitation period.

On November 21, 2023, the Court received two declarations from Plaintiff, both filed in the *Hamlett II* case. The Court has reviewed both declarations and concludes that Plaintiff does not state facts suggesting that the doctrine of equitable tolling should apply in this case. The Court therefore finds that the action is barred under the statute of limitations and dismisses the action for failure to state a claim, without prejudice to Plaintiff's pursuing the relief he seeks in *Ingles*. To ensure that Plaintiff may pursue such relief, the Court directs the Clerk of Court to reassign *Ingles* to a district judge, in accordance with the Local Rules for the Division of Business Among District Judges.[2]

## DISCUSSION

Plaintiff initiated this action on June 28, 2023. He asserts excessive force claims that allegedly occurred on April 23, 2003. He alleges that in 2005, he intended to file an action in this court, regarding that alleged assault, but that an attorney, John Boston, advised him that he should not pursue relief on his own but rather become a class member of the *Ingles* class action, and receive a settlement from that action. Plaintiff also alleges that Boston promised Plaintiff that he would mail him a settlement check, but Plaintiff never received any money. Plaintiff filed this action seeking money damages from the two officers he claims assaulted him on April 23, 2003.

In the Court's order directing Plaintiff to show cause why this action should not be dismissed as time barred, the Court noted that the action can only proceed if Plaintiff can show that the doctrine of equitable tolling applies. The Court explained that the doctrine permits a

---

[2] The Court offers no opinion as to whether Plaintiff is *entitled* to any relief. Rather, the court intends to provide Plaintiff the opportunity to raise his arguments in the underlying class action lawsuit.

court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The Court concluded that Plaintiff did not allege facts suggesting that the statute of limitations should be equitably tolled because his reasons for his delay in filing this action did not rise to the level of compelling circumstances. The Court considered Plaintiff's claim that he delayed filing this action because he was unable to identify Boston or the name of the class action case, finding that these two factors did not prevent Plaintiff from filing his *own* lawsuit.

In Plaintiff's declarations, he restates the facts alleged in the complaint and attaches documentation that he had attached to his complaint, indicating that he requested information regarding the two class action lawsuits from the Clerk's Office of this court, Prisoners' Legal Services, and the Eastern District of New York, starting on November 30, 2022. ECF 1:23-CV-5809, 18, at 23-26. The Court finds that the reasons offered by Plaintiff do not include a compelling reason why he did not file his own lawsuit within the three-year limitations period. This action is therefore time barred, and the Court dismisses it for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same). This action is dismissed without prejudice to Plaintiff's seeking relief in the *Ingles* case.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's seeking relief in the *Ingles* case. The Court directs the Clerk of Court to reassign the *Ingles* case to a district judge, in accordance with the Local Rules for the Division of Business Among District Judges.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated: December 11, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge